PER CURIAM:
This claim is before the Court, at this time, upon the respondents’ motion to dismiss.
The claimant, who initially was not represented by counsel, has filed a claim in the sum of $5,000.00 for damages allegedly sustained as the result of the alleged unlawful revocation of his probation on May 17, 1977, and his subsequent confinement at Huttonsville Correctional Center until August 19, 1977, when he was released upon a writ of habeas corpus issued by the Circuit Court of Kanawha County.
The basis of the motion to dismiss is that the claimant has an adequate remedy at law in the federal courts under the Civil Rights Act, 42 U.S.C. §1983. The fact that a claimant might possibly have some other remedy or resource never has been held to be a bar or defense to the prosecution of a claim in this Court, but, upon occasion, proceedings in this Court have been stayed pending the outcome of a companion legal action. In addition, while in the Notice of Claim reference *343 is made to various constitutional provisions which might be viewed as indicating the basis for assertion of a claim under the Civil Rights Act, it also may be viewed as asserting a claim based upon the common law tort of false imprisonment.
The position of the respondents upon their pending motion to dismiss appears to be somewhat confused. On the one hand, it is asserted in their behalf that the claimant has an adequate remedy at law against them and that they are subject to prosecution in the federal courts under the Civil Rights Act. On the other hand, it is asserted in respondents’ brief that they are immune from prosecution, such immunity being based on the quasi-judicial nature of their duties. The confusion arises from the circumstance that they cannot be both subject to prosecution and immune from prosecution. In any case, examination of those subjects by this Court appears to be wholly unnecessary because the Civil Rights Act applies only to “persons” who, acting under color of law, violate another’s Constitutional rights, and a superficial examination of authorities indicates that a state agency, such as those designated as respondents in this case, is not a “person” within the meaning of that act. See 42 U.S.C.A. §1983, Notes 129, 131 and 135.
For the foregoing reasons, the motion to dismiss is denied as to the respondents, the West Virginia Board of Probation and Parole and the Department of Corrections.
Of course, this Court has only such jurisdiction as is conferred upon it by statute, as delineated by West Virginia Code, §14-2-13, and limited by §14-2-14. §14-2-13 provides:
“§14-2-13. Jurisdiction of the Court.
The jurisdiction of the court, except for the claims excluded by section fourteen [14-2-14], shall extend to the following matters:
1. Claims and demands, liquidated and unliquidated, ex contractu and ex delicto, against the State or any of its agencies, which the State as a sovereign commonwealth should in equity and good conscience discharge and pay.
2. Claims and demands, liquidated and unliquidated, *344 ex contractu and ex delicto, which may be asserted in the nature of setoff or counterclaim on the part of the State or any state agency.
3. The legal or equitable status, or both, of any claim referred to the court by the head of a state agency for an advisory determination.”
It. is clear from that statute that this Court has no jurisdiction over any individual person, and the claim must be, and is hereby, dismissed as to the individual persons named as respondents.
Accordingly, as heretofore stated, the Court grants the motion to dismiss as to the following individuals: Malcolm Louden, Linda Meckfessel, Stewart Werner, and Bob Willis, and overrules the motion to dismiss as to the following agencies: West Virginia State Board of Probation and Parole and West Virginia Department of Corrections.